IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.:  1:23CR535 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE JONATHAN D. |
| | ) | GREENBERG |
| DANIEL KOVACIC, | ) | |
| | ) | |
| Defendant. | ) | GOVERNMENT'S MEMORANDUM IN |
| | ) | SUPPORT OF PRETRIAL DETENTION |

The United States of America, by and through its attorneys Rebecca C. Lutzko, United States Attorney, and Brian S. Deckert, Assistant United States Attorney, hereby respectfully move this Court to detain the defendant, Daniel Kovacic ("Kovacic" or "defendant"), as a serious risk of flight and danger to the community pending trial in this case.  Kovacic discharged several rounds from a firearm during the middle of the day on a residential street.  Kovacic's dangerous actions and disturbing behavior resulted in the evacuation of his neighbors during a lengthy stand-off with police.  Given the unpredictable and erratic nature of this behavior, there is every reason to believe he would continue to endanger others in the community if released.  Further, Kovacic poses a risk of flight as he has significant incentive to flee due to the lengthy period of incarceration he faces if convicted of the instant offenses. Therefore, the Government respectfully requests that Kovacic be detained as both a serious flight risk and danger to the community pursuant to 18 U.S.C. § 3142(e).

## Factual Background

The facts of this case are more fully set forth below:

On August 17, 2023, at approximately 4:10 p.m., the Wickliffe, Ohio police department

received multiple 911 calls regarding gunshots from residents living in the area of the 1500 block of Ridgewick Drive. Wickliffe police responded and spoke to multiple residents who reported hearing gunshots. One resident stated that he observed a white male exit from 1548 Ridgewick Drive and fire at least three shots into the air and then re-enter the residence. Another resident stated that approximately two weeks earlier, he and Kovacic argued over the volume of Kovacic's music. Kovacic pulled out a pistol, "racked the slide," and pointed it at the neighbor's chest. The neighbor described that a laser attached to the firearm was centered on his chest.

      Approximately 20 minutes after police arrived, a woman exited 1548 Ridgewick Drive and the police detained her. The woman informed police that she was the girlfriend of Kovacic and that she left him asleep on the couch. She stated that she had arrived at the residence at approximately 4:00 pm and found Kovacic on the phone with his boss. At that time, Kovacic's speech was slurred and there were open alcoholic beverages near him. She described Kovacic as "agitated" and that he had possibly just lost his job. The woman confirmed that Kovacic used alcohol and steroids and had been suffering from increasing paranoia over the last couple of weeks. She denied hearing any gunshots while inside the residence but did admit to seeing a small green handgun tucked into the couch while she was cleaning approximately two weeks earlier.

      While police were speaking to the woman, Kovacic's mother called her phone. The police spoke to Kovacic's mother who stated that Kovacic was undergoing some sort of mental crisis and abusing narcotics. Kovacic's mother stated that on this date Kovacic had sent her several disturbing text messages in which he threatened to kill "the enemies of the white race."[1] (See Exhibit 1). The time stamp on the messages was at approximately 5:30 pm, while police

---

[1] While police were executing a search warrant at Kovacic's residence, they observed Nazi memorabilia, and the FBI has identified Kovacic as being connected to at least two white supremacist groups.

were on the property surrounding the residence. Kovacic's father called Wickliffe police and stated that approximately one week earlier, he requested Kovacic take a drug test, which came back positive for cocaine. Police also contacted Kovacic's boss, who stated that he had terminated Kovacic on this date after a client reported that the defendant had been intoxicated and unprofessional. Kovacic's boss provided the text communications with Kovacic to the police.

The Emergency Response Team responded on scene and unsuccessfully attempted to make contact with Kovacic for multiple hours by calling his cell phone and using a PA system. Residents in the neighborhood were evacuated and the police established a perimeter around Kovacic's residence. Several hours after the standoff began, officers observed Kovacic in the upstairs window and ordered him to come to the front door; he complied and was taken into custody without incident. Police obtained a search warrant for the residence and seized a Sig Sauer, Model P238, .380 caliber handgun with laser attachment, serial number 27B206165, loaded with 6 rounds of .380 ammunition with one round in the chamber. Officers located the firearm tucked into the cushions of the couch in the living room where Kovacic's girlfriend had observed him sitting. Additionally, police seized a magazine loaded with 7 rounds of 9mm ammunition from inside of a pair of white athletic shorts in the living room, and also found a holster on the armrest of the couch in which the firearm with attachment could fit. Police located a Sig Sauer firearm box bearing the matching serial number 27B206165 in Kovacic's bedroom, and discovered 32 rounds of 9mm ammunition and 1 round of .380 ammunition scattered in and around the firearm box. Outside of the residence, officers found two spent .380 caliber shell casings. Finally, police seized a holster from underneath the bed which would fit the Sig Sauer without the attachment. Police discovered a safe inside the room but were unable to access it.

No firearm capable of firing 9mm ammunition was recovered from the accessible areas of the residence.

Kovacic has been convicted of two crimes that are punishable by imprisonment for a term exceeding one year: felonious assault, a felony of the second degree, on or about May 24, 2010, in Case Number 09-CR819, in the Lake County Court of Common Pleas; and Assault on a Peace Officer, a felony in the fourth degree, on or about February 4, 2010, in Case Number 09-CR-546, in the Lake County Court of Common Pleas. Kovacic is therefore prohibited from possessing a firearm.

The Sig Sauer was tested for the presence of DNA and compared to a known DNA standard of Kovacic. The Lake County Crime Laboratory discovered a mixture of DNA on the firearm with a minimum of three contributors. Kovacic cannot be excluded as a contributor to the mixture, and it is 64.3 trillion times more likely that Kovacic's DNA is part of the mixture than anyone else.

**Law and Argument**

Under the Bail Reform Act, the defendant must be detained pending trial if the Court determines that no condition or combination of conditions "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). A finding of either risk of flight or danger is sufficient for detention. *See, e.g.*, *United States v. Ferranti*, 66 F.3d 540, 543-44 (2d Cir. 1995).

In this case, the government may make a motion for detention if a defendant has been charged with "any felony that is not otherwise a crime of violence that involves a minor victim or that *involves the possession or use of a firearm* or destructive device (as those terms are defined in section 921, or any other dangerous weapon, or involves a failure to register

4

under section 2250 of title 18, United States Code." 18 U.S.C. 3142(f)(1)(E) (emphasis added). Kovacic is charged with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).

This case does not involve a presumption, therefore, "[t]he government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or the community by clear and convincing evidence". *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004) (unpublished); *United States v. Namer*, 238 F.3d 425, 2000 WL 187012, at *1 (6th Cir. Dec. 12, 2000) (unpublished) ("However, the government need only demonstrate the risk of flight by a preponderance of evidence."); *see also United States v. Alexander*, 742 F. Supp. 421, 423 (N.D. Ohio 1990) (same).

At a detention hearing, the government may present evidence by way of a proffer. *United States v. Stone*, 608 F.3d 939, 948-49 (6th Cir. 2010) ("[C]onducting a bail hearing by proffer is acceptable under the law and at the discretion of the district court."); *United States v. Webb*, 238 F.3d 426, 2000 WL 1721060, at *2 (6th Cir. Nov. 6, 2000) (unpublished) ("The government may proceed in a detention hearing by proffer or hearsay.").

In assessing the risk of flight presented by the defendant, the Court must assess factors including (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; and (3) the history and characteristics of the defendant. 18 U.S.C. § 3142(g)(1)-(3). As set forth below, each of these factors weighs in favor of detaining the defendant, Kovacic.

### A.  Defendant Poses a Risk of Flight

Even absent the rebuttable presumption, Defendant should be detained as he has a strong motive and ability to flee. The evidence in favor of detention is strong. Kovacic is currently

facing imprisonment based on the present charges and the evidence at hand. Kovacic's erratic and unpredictable actions call into question whether he would be able or willing to comply with orders of this Court.

Kovacic has a history of committing new violent offenses while on bond. On October 9, 2009, Kovacic was indicted in Lake County Court of Common Pleas with Assault on a Peace Officer in case number 09CR546. Kovacic was released on bond with conditions. On September 3, 2009, while on bond, Kovacic was arrested and charged with drug possession, a felony of the fifth degree in Cuyahoga County. On September 30, 2009, Kovacic was granted a bond on the new Cuyahoga County case. On November 23, 2009, Kovacic was arrested again and charged with felonious assault and tampering with evidence in Lake County Court of Common Pleas. Kovacic was ultimately convicted in all three cases and sentenced to 145 months in prison. Kovacic was released early from prison and placed on 3 years of community control. Kovacic was terminated from community control approximately 6 months before the instant offense. Given the magnitude of the prosecution, the powerful evidence in its favor, and the Defendant's erratic behavior, Kovacic poses a very real risk of flight.

**B.     Defendant is a Danger to the Community**

The nature and circumstances of the defendant's offense, as demonstrated by the weight of evidence against him, establish the need to detain the defendant due to the danger he poses to the community. Kovacic's boss informed him that he was terminated because a client complained that he was intoxicated and unprofessional. Kovacic then exited his residence and fired several rounds into the air from a firearm that he could not legally possess. Kovacic would not engage with police over many hours while they attempted to speak with him. Kovacic told police that he was asleep the entire time; however, text messages provided by his mother

revealed that he was sending her disturbing messages while police were outside his house. Kovacic's girlfriend stated that he was using alcohol and steroids and suffering from increased paranoia. Kovacic's mother reported that he was suffering from mental distress and abusing narcotics. Kovacic sent his mother disturbing text messages containing conspiracy theories and threats to kill "the enemies of the white race." Kovacic's father stated Kovacic recently tested positive for cocaine. A neighbor reported that Kovacic pointed his gun at the neighbor during a disagreement about the volume of Kovacic's music. Police seized a firearm and ammunition from Kovacic's residence. The ammunition fit two different kinds of firearms and police only found a .380 caliber firearm. There was a locked safe that is presumably still in the residence that police were unable to access. Kovacic has a history of committing violent offenses and even committed a violent offense while on bond.

      Absent the guarantees that come from detention, there is no way for this Court to ensure Defendant's appearance, the safety of the community, and the prevention of any obstructive behavior. Therefore, Defendant should be detained.

## CONCLUSION

For the foregoing reasons, there is no condition or combination of conditions that can reasonably assure the defendant's appearance for proceedings in this case. The Government respectfully requests that the Court grant the Government's motion to detain the defendant without bail pending trial in this case.

                                        Respectfully submitted,

                                        REBECCA C. LUTZKO
                                        United States Attorney

By:   /s/ Brian S. Deckert
        Brian S. Deckert (OH: 0071220)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3783
        (216) 685-2378 (facsimile)
        Brian.Deckert@usdoj.gov