IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:23-cr-00535 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| DANIEL KOVACIC, | ) | **DEFENDANT'S MOTION TO** |
| | ) | **REVOKE ORDER OF DETENTION** |
| Defendant. | ) | |
| | ) | (*Oral Hearing Requested*) |

Now comes the Defendant, Daniel Kovacic, by and through his undersigned counsel Marisa L. Serrat, and hereby respectfully moves this Honorable Court to revoke its previously issued Order of Detention and release Mr. Kovacic on bond, with any conditions deemed appropriate by the Court. The defense respectfully requests this Honorable Court to reopen detention proceedings pursuant to 18 U.S.C. § 3142(f)(2). A more thorough explanation of this request is set forth in the attached Memorandum in Support, incorporated herein by reference.

Respectfully Submitted,

s/ Marisa L. Serrat_____
**JAIME P. SERRAT LLC**
Marisa L. Serrat, (#00888410)
55 Public Square
2100 Illuminating Building
Cleveland, OH 44113
(216) 696-2150; (216) 696-1718- fax
Mserratlaw@gmail.com
Counsel for Defendant

1

**MEMORANDUM IN SUPPORT**

**I.  PROCEDURAL HISTORY.**

On September 20, 2023, Daniel Kovacic was named in a 1-Count Indictment in the Northern District of Ohio, alleging that on August 17, 2023, Mr. Kovacic allegedly possessed a firearm and ammunition in violation of 18 U.S.C. §922(g)(1) and §924 (a)(8). (Indictment, R. 1, PID 1-2). Mr. Kovacic was arrested on September 27, 2023. (Arrest Warrant, R. 12, PID 43). He appeared before Magistrate Judge Jonathan D. Greenberg the same day as his arrest for his arraignment. (Minutes, N.D.E.). Mr. Kovacic was assigned CJA counsel and entered a not guilty plea to the Indictment. *Id*. The government moved for Detention and Mr. Kovacic was remanded to the custody of the U.S. Marshal pending a detention hearing. *Id*.

Prior to the Detention Hearing, the government filed a Pretrial Memorandum in Support of Pretrial Detention. (Gov. Motion, R. 9, PID 27-34). The government also included portions of text messages as an exhibit. (Text Messages, R. 9-1, PID 35-39).

A Detention Hearing was held on October 4, 2023 before Honorable Magistrate Judge Greenberg. (Det. Trans., R. 21, PID 66). Counsel for the government informed the Court that there was no presumption of detention by statute based upon the charged offense. *Id*. at PID 68. Counsel for the government proffered the pretrial services report, as well as, the government's previously filed memorandum and exhibit. *Id*. at PID 69. The defense did not proffer any facts and indicated it would proceed by way of argument. *Id*. at PID 72-3.

On October 5, 2023, the Court issued the following Order of Detention Pending Trial, stating:

> I find that the testimony and information submitted at the detention hearing establishes by clear and convincing evidence that based upon the nature of the Defendant's arrest for the instant offense; the allegation of a weapon being discharged during the instant

2

> offense; the Defendant's prior arrests and convictions; the Defendant's substance abuse history and alleged use during the instant offense; his mental health history; his conduct in court with his attorney and with the US Marshalls; safety concerns for the community; his violent behavior history; the allegation of his being connected to white supremacist groups; and the Defendant's text messages threatening to kill "the enemies of the white race" that were sent while the police were surrounding his residence; there is no condition or combination of conditions that will reasonably assure the safety of the community.

(Order, R. 11, PID 42). Prior defense counsel did not previously request this Honorable Court to review the Magistrate Judge's pretrial detention order pursuant to 18 U.S.C. § 3145(b).

On November 30, 2023, this Honorable Court granted prior CJA counsel's Motion to withdraw as counsel and undersigned counsel was CJA appointed. (Order, N.D.E.)

Mr. Kovacic was originally charged with having weapons under disability in Willoughby Municipal Court case number 23CRA02140.[1] He was released on bond pending trial in State Court on August 18, 2023. The State case was dismissed on September 27, 2023 as a result of the federal Indictment.

## II.   LAW.

"The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). "A defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *Id.* (quoting 18 U.S.C. § 3142(e)(1)). When the government contends that no conditions will reasonably assure the safety of the community, it must prove its claims by clear and convincing evidence. 18 U.S.C. § 3142(f)(2).

---

[1] Willoughby Municipal Court, online docket search, available at:
https://benchmark.willoughbycourt.com/CourtCase.aspx/Details/689424?digest=eTdJTXw95lhA2sHFKReD%2BA

The Court must impose the least restrictive conditions necessary to reasonably assure the person's appearance as required and the community's safety. *See* 18 U.S.C. § 3142(c). The statute lists thirteen specific conditions that the Court may impose, 18 U.S.C. § 3142(c)(1)(B)(i) - (xiii), plus "any other condition that is reasonably necessary to assure the appearance of the defendant as required and the safety of any other person and the community," 18 U.S.C. § 3142(c)(1)(B)(xiv).

In accordance with 18 U.S.C. § 3142(f), the defense respectfully requests this Honorable Court to review the record to determine whether there are any conditions or combinations of conditions of release that would reasonably assure the appearance of Mr. Kovacic at further court proceedings and protect the public. When considering the matter of Detention, the court must consider certain factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including — (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

18 U.S.C. § 3142(g). The statute on bail states that even after a Defendant has been ordered detained:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2).

### III. ARGUMENT.

#### a. NATURE AND CIRCUMSTANCES OF THE OFFENSE.

The offense charged is felon in possession of a firearm, which is not an offense of violence and does not carry a presumption of detention. At the time of the detention hearing, the defense did not have any of the relevant discovery material in this case to properly argue the nature and circumstances of the offense, as argued herein, and incorporated herein by reference.

The Magistrate Court previously relied upon: "text messages threatening to kill 'the enemies of the white race' that were sent while the police were surrounding his residence" to justify pretrial detention. However, the messages the Court was referring to were sent from approximately 3:20 PM through 3:24 PM on August 17, 2023. The 911 calls regarding shots fired in the area did not occur until approximately 4:05 to 4:10 PM on August 17, 2023. Contrary to the allegations of the government and the findings of Magistrate Judge Greenberg, there were no text messages sent from Mr. Kovacic to his mother while police were surrounding his residence.

It is also important to note that there was never an allegation that any shots were fired at an individual, a car, or another residence. This is not a situation of an active shooter or ongoing shooting situation. There were no allegations of gunshot injuries to persons or property. Many of the 911 callers stated that they generically heard anywhere from three (3) to six (6) gunshots.

5

There is only one witness that stated he allegedly saw the gunshot(s). In a contested written statement, the witness alleges that the gun was pointed in the air, not at any person or property.

Once police arrived in the area of the 1500 block of Ridgewick in Wycliff, Ohio, Officers never approached Mr. Kovacic's residence. Not one Officer knocked on the door or approached the residence for hours.

There was no evidence that Mr. Kovacic was engaged in a "standoff" with police on August 17, 2023. There was no evidence that Mr. Kovacic was "barricaded" inside the residence while police were there.

At approximately 5:05 PM, a female was observed leaving the residence at 1548 Ridgewick. She was ordered to the ground by police and taken into custody. The female, later identified as Kelly Seibert, confirmed she was in the residence with Daniel Kovacic. She informed the police numerous times that Mr. Kovacic was asleep inside of the residence. She was not able to wake him up. When she left, Ms. Seibert placed a note stating that she was leaving to go to a meeting. Ms. Seibert also informed police that she did not hear any gunfire and did not see Mr. Kovacic with a firearm on August 17, 2023. Ms. Seibert had also never previously seen Mr. Kovacic with a firearm.

Having heard this direct information that Mr. Kovacic was inside the residence sleeping, Officers still never approached the residence. Officers never knocked on the door. Instead, the Officer(s) made phone calls and text messages to Mr. Kovacic's phone number, which all went unanswered because he was sleeping and his phone was silenced. The only movement seen inside of the residence during that time was attributed to a dog.

At approximately 9:02 PM, after an in-car loudspeaker and spot light(s) were used. Mr. Kovacic woke up and exited the residence. He was taken into custody without incident.

b. **WEIGHT OF THE EVIDENCE.**

In *United States v. Stone*, the Sixth Circuit clarified that the weight of the evidence against the defendant "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." 608 F.3d 939, 948 (6th Cir. 2010) (citation omitted). Based upon the nature and circumstances of the offense as described above and incorporated herein by reference, the firearm allegedly possessed in this case was not used against any person or property. There also was not a "standoff" during this incident. In addition, one of the standard conditions of release would be a prohibition against possessing a firearm, ammunition, or other dangerous weapon. As a result, the weight of the evidence does not demonstrate dangerousness when it comes to the consideration of pretrial release.

c. **HISTORY AND CHARACTERISTICS OF DANIEL KOVACIC.**

Daniel Kovacic is currently thirty-three (33) years old. Prior to his arrest in this case, Mr. Kovacic had a stable residence for the past three (3) years in Wickliffe, Ohio. He currently has the support of many of his family members, including his parents, sibling(s) and other community members. Mr. Kovacic has a residence to return home to if he were to be released on bond during the pendency of this case.

Prior to the allegations in this case, Mr. Kovacic has not had any serious involvement in the criminal justice system since his prior offenses in 2009 at the age of eighteen (18).[2] None of Mr. Kovacic's prior criminal offenses involved the use or possession of a firearm. Mr. Kovacic was sentenced to serve ten (10) years imprisonment from the Lake County Court of Common Pleas for felonious assault, drug possession, and assault. On January 23, 2020, the Lake County Court granted Mr. Kovacic's request for Judicial Release and placed him on a term of probation

---

[2] Mr. Kovacic does have a prior minor misdemeanor disorderly conduct conviction from April 18, 2023 where a fine and court costs were imposed.

for three (3) years. On February 1, 2023, the Court released Mr. Kovacic from community control sanctions and supervision, and restored to the civil rights of citizenship previously removed under R.C. 2961.01. (Def. Ex. A). As a result, at the time of this offense on August 17, 2023, Mr. Kovacic was not on probation, parole, or on other release for an offense under Federal, State, or local law.

As the Magistrate Court previously noted, Mr. Kovacic only had one prior failure to appear from 2009. (Det. Trans., R. 21, PID 76, 82-3). However, when the capias was issued on November 25, 2009 from Cuyahoga County Court of Common Pleas, Mr. Kovacic was actually in custody in the Lake County Court of Common Pleas starting the day prior, on November 24, 2019, as demonstrated by the pretrial services report. Mr. Kovacic's Cuyahoga County capias was issued because he was in custody in another jurisdiction, not for failing to appear in Court. As a result, Mr. Kovacic does not have any history of non-appearance before any court.

After this offense, Mr. Kovacic was originally charged in State Court and was released on bond with various conditions. While released on bond for approximately a month and a half, Mr. Kovacic was in compliance with the terms and conditions of his release. He also appeared for all Court date(s). This further supports his request for release in this case, showing that he can remain in compliance with terms of pretrial release.

While serving his previous term of incarceration, Daniel Kovacic obtained his Bachelor's Degree with honors (*Magna Cum Laude, Gamma Alpha Kappa*) on August 22, 2019 from Ashland University. (Def Ex. B). He also achieved membership in the Lambda Pi Eta National Communication Association Honors Society. (Def. Ex. C). Mr. Kovacic had previously obtained his Associates Degree (*Cum Laude, Gamma Alpha Kappa*) on May 4, 2018 from Ashland University. (Def. Ex. D).

8

The government also argued the substance abuse history and mental health history of Mr. Kovacic supported its request for Detention in this case. (Det. Trans., R. 21, PID 75). If the government and this Honorable Court believe that Mr. Kovacic's substance abuse and/or allegations of drug use during the instant offense is a factor in this case, then Mr. Kovacic should be released with the condition that he complies with in-patient or out-patient substance abuse treatment and testing. There are conditions of release that can be imposed that assist an individual who has specialized substance abuse and/or mental health needs. As stated in his pretrial services report, Mr. Kovacic is open to any method of substance abuse treatment required. In addition, if any mental health services are recommended from pretrial services, Mr. Kovacic agrees to participate in any assessment(s) or program(s) requested by pretrial services as a condition of his release.

Mr. Kovacic is not a flight risk. He does not have a U.S. passport and has never traveled outside of the United States. Prior to this alleged offense on August 17, 2023, Mr. Kovacic was gainfully employed at the same company for approximately three (3) years, as demonstrated by the attached certificates showing his achievements as the highest producing sales repetitive for the 2021 and 2022 season. (Def. Ex. E). In addition, the Court could also impose special conditions of release such as GPS monitoring to ensure compliance.

Daniel Kovacic also has strong ties to his community. In the Spring of 2021, Mr. Kovacic became a member of the Wickliffe Knights of Columbus organization. (Def. Ex. F). "He has been an active member attending meetings, a past officer, volunteers to help with our pancake breakfasts, various fundraisers, family, and community events including Our Lady of Mount Carmel Church festival booth. He also attends Our Lady of Mount Carmel Church services and

9

volunteers at The Fest in August. Dan's help and support gives hope that a younger generation is interested in helping others." *Id.*

In addition to his community support, his mother is willing to accept custodial responsibility of Daniel Kovacic. As a custodial supervisor, she will agree to:

    (a) Supervise the defendant,

    (b) Use every effort to assure the defendant's appearance at all court proceedings, and

    (c) Notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Since his incarceration at NEOCC, over the past five and a half months, to the best of undersigned's knowledge, Mr. Kovacic has not had any violations. In addition, given the current conditions at the facility, Mr. Kovacic has not had access to a computer device to be able to fully review his discovery material, including many lengthy dash camera and body camera videos. Current counsel has spent a significant amount of time reviewing the discovery material with Mr. Kovacic; however, he would be better able to assist in his own defense in this case if were to be released from custody.

Based upon the foregoing, new information exists that was not known to the defense or the Court at the time of Mr. Kovacic's initial detention hearing. These newly presented facts and arguments show that there are conditions of release that will reasonably assure the appearance of Mr. Kovacic as required and ensure the safety of any other person and the community.

**IV.    CONCLUSION.**

Wherefore, Daniel Kovacic respectfully requests this Honorable Court to revoke the detention order and grant him a bond with any conditions deemed appropriate and necessary by the Court.

In the alternative, the defense respectfully requests an oral hearing on this Motion so additional facts and/or arguments can be presented to this Honorable Court.

        Respectfully Submitted,

        s/ Marisa L. Serrat_____
        **JAIME P. SERRAT LLC**
        Marisa L. Serrat, (#00888410)
        55 Public Square
        2100 Illuminating Building
        Cleveland, OH 44113
        (216) 696-2150; (216) 696-1718- fax
        Mserratlaw@gmail.com
        Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Marisa L. Serrat_____
**JAIME P. SERRAT LLC**
Marisa L. Serrat, (#00888410)
