IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:23-cr-00535 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| DANIEL KOVACIC, | ) | **DEFENDANT'S MOTION TO DISMISS** |
| | ) | **THE INDICTMENT** |
| Defendant. | ) | |
| | ) | (*Oral Hearing Requested*) |
| | ) | |

Now comes Defendant Daniel Kovacic, by and through his undersigned counsel Marisa L. Serrat, and hereby respectfully moves this Honorable Court to Dismiss the Indictment against him for felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). The charges here are an unconstitutional exercise of congressional power under the commerce clause and unconstitutional as applied to the specific facts of Daniel Kovacic's case. The statute is also facially unconstitutional or, alternatively, unconstitutional as applied to Daniel Kovacic. A more thorough explanation of this request is set forth in the attached Memorandum in Support, incorporated herein by reference.

Respectfully Submitted,

s/ Marisa L. Serrat
**JAIME P. SERRAT LLC**
Marisa L. Serrat, (#00888410)
55 Public Square
2100 Illuminating Building
Cleveland, OH 44113
(216) 696-2150; (216) 696-1718- fax
Mserratlaw@gmail.com
Counsel for Defendant

1

**MEMORANDUM IN SUPPORT**

I. **PROCEDURAL HISTORY.**

On September 20, 2023, Daniel Kovacic was named in a 1-Count Indictment in the Northern District of Ohio. The Indictment alleges that on August 17, 2023, Mr. Kovacic possessed a firearm and ammunition in violation of 18 U.S.C. §922(g)(1) and §924(a)(8), specifically stating:

> On or about August 17, 2023, in the Northern District of Ohio, Eastern Division, Defendant DANIEL KOVACIC, knowing he had previously been convicted of crimes punishable by imprisonment for a term exceeding one year, those being: Felonious Assault, a felony of the second degree, on or about May 24, 2010, in Case Number 09-CR-819, in the Lake County Court of Common Pleas; and Assault on a Peace Officer, a felony of the fourth degree, on or about February 4, 2010, in Case Number 09-CR-546, in the Lake County Court of Common Pleas, knowingly possessed in and affecting interstate commerce a firearm, to wit: a Sig Sauer, Model P238, .380 caliber pistol bearing serial number 27B206165 and ammunition, said firearm and ammunition having been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(l) and 924(a)(8).

(Indictment, R. 1, PID 1-2). Mr. Kovacic was taken into federal custody on September 27, 2023 and has remained detained since that date. (Arrest Warrant, R. 12, PID 43).

II. **LAW AND ARGUMENT.**

Under Federal Rule of Criminal Procedure 12(b)(1), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). The Second Amendment provides: "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

A defendant may move to dismiss an indictment for "failure to state an offense" when the "statute apparently creating the offense is unconstitutional." *United States v. Rathburn*, 771 F.

2

App'x 614, 623 n.8 (6th Cir. 2019) (quoting *United States v. Seuss*, 474 F.2d 385, 387 n.2 (1st Cir. 1973)); Fed. R. Crim. P. 12(b)(3)(B)(v). A law is facially unconstitutional if "no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U. S. 739, 745 (1987). In contrast, an as-applied challenge tests only whether the contested law is unconstitutional as enforced against the defendant based on the discrete facts in the case. *Speet v. Schuette*, 726 F.3d 867, 872 (6th Cir. 2013). "The usual judicial practice is to address an as-applied challenge before a facial challenge…." *Connection Distrib. Co. v. Holder*, 557 F.3d 321, 327 (6th Cir. 2009).

Most recently with *United States v. Rahimi*, 602 U.S. \_\_\_ , 144 S. Ct. 1889 (2024), the Supreme Court has continued to clarify its interpretation of the Second Amendment and its mandate that "the right of the people to keep and bear arms, shall not be infringed." U.S. Cons. Amend. II

### A. 18 USC § 922(G) IS AN UNCONSTITUTIONAL EXERCISE OF CONGRESSIONAL POWER UNDER THE COMMERCE CLAUSE.

In this case, Daniel Kovacic is charged with one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). That statute provides that "It shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). The jurisdictional language of "interstate or foreign commerce" is essential. Section 922(g)(1) simply does not criminalize possession of firearms **out** of interstate commerce.

The government bears the burden to demonstrate that § 922(g)(1) is consistent with the nation's historical tradition of regulating firearms. Under § 922(g)(1), any individual with a prior felony conviction may possess a firearm or ammunition, so long as that firearm or ammunition has not "been shipped or transported in interstate or foreign commerce." For example, an individual with a prior felony conviction in the State of Ohio could possibly posses Midwest Ammunition, which is owned and operated in Middletown, Ohio, and not violate § 922(g)(1) because the ammunition did not ship or transport in interstate or foreign commerce.

The States, including the State of Ohio, have laws that criminalize the same type of conduct, without any nexus to interstate commerce. "[P]reventing and dealing with crime is much more the business of the States than it is of the Federal government." *Patterson v. New York*, 432 U.S. 197, 201 (1977). Section 922(g)(1) applies to every felon in the country who possesses any type of firearm or ammunition that ever travelled across state lines. Because the statute punishes simple possession of a firearm by a person under disability, it is by definition local criminal conduct. To avoid constitutional doubt, section 922(g)(1) should be narrowed to acts of actually possession in or affecting interstate commerce, such as possessing a gun during a store or bank robbery, or possessing a gun as part of a sale or trade of the gun, or possessing a gun while travelling in a vehicle across state lines. If so construed, possession of firearms inside a private home or on private property, when neither the home or property nor the firearms are used for any commercial purpose, would not violate the federal statute and would be properly regulated under State law.

The Commerce Clause has essentially become a police power and "must be read carefully to avoid creating a general federal authority akin to the police power." *NFIB v. Sebelius*, 567 U.S. 519, 536 (2012). 18 U.S.C. § 922(g) clearly has far reaching implications and

4

"[I]t's hard to imagine anything that would remain outside the federal government's commerce power. There is no plausible reading of the Commerce Clause, as originally understood by our Founders, that could possibly give the federal government such reach." *United States v. Seekins*, 52 F.4th 988, 990 (5th Cir. 2022) (cleaned up). "[O]ne might well wonder how it could rationally be concluded that mere possession of a firearm in any meaningful way concerns interstate commerce simply because the firearm had, perhaps decades previously before the charged possessor was even born, fortuitously traveled in interstate commerce." *Id*. at 991 (international quotation omitted).

The majority in *Lopez* state that the Commerce Clause, "though broad, does not include the authority to regulate each and every aspect of local schools" and that local schools, even though classroom learning has the potential to be disrupted by gun violence and to affect the contours of minute commerce actions somewhere, is outside the confines of the Commerce Clause power. *United States v. Lopez*, 514 U.S. 549, 565-66 (1995). The *Lopez* Court warned against a definition under which "any activity can be looked upon as commercial," since this would annihilate the intended limits on federal power. *Id*. at 565. In *Lopez*, the Court held that possession of firearms, in and of itself, is not commercial nor economic. *Id*. at 560.

Based upon the foregoing, the application of 18 U.S.C. § 922(g)(1) in this case is an unlawful application of the commerce clause because mere possession of a firearm in any meaningful way does not concern interstate commerce. Further, the possession alleged in the Indictment here in no way affected interstate commerce and is already regulated by the State of Ohio. As such, the federal government's application of § 922(g)(1) as to Kovacic is a constitutional overreach in violation of the commerce clause and the second amendment, warranting dismissal of the Indictment against him.

### B. FELON IN POSSESSION OF A FIREARM AND AMMUNITION IS BOTH UNCONSTITUTIONAL AND UNCONSTITUTIONAL AS APPLIED TO DANIEL KOVACIC.

The statute in question here, 18 U.S.C. § 922(g)(1), felon in possession of a firearm and ammunition, is also both facially unconstitutional and unconstitutional as applied to Daniel Kovacic. In *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008), the Supreme Court confirmed that "the Second Amendment conferred an individual right to keep and bear arms." At the Second Amendment's core, the Supreme Court explained, lies "the inherent right of self-defense" that long predated the United States Constitution. *Id*. at 592, 628. Two years after Heller, the Supreme Court addressed gun regulation in *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010), and held that "the Second Amendment right is fully applicable to the States" through the Fourteenth Amendment.

When deciding whether a firearm regulation is constitutional, the Supreme Court instructed lower courts to determine (1) whether the Second Amendment's plain text covers the regulated conduct, and (2) whether the Government can show the law is consistent with historical firearm regulations. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022).

The United States bears the burden of affirmatively proving that 18 U.S.C. § 922(g)(1) is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms. *Id*. at 19. *In United States v. Hostettler*, Case No. 23-CR-654, R. 15 (N.D. Ohio April 10, 2024) and *United States v. Berry*, Case No. 22-CR-536, R. 43 (N.D. Ohio Mar. 15, 2024), the Northern District of Ohio addressed the constitutionality of this statute and determined, in part, the following: [D]espite the historical expansion of access to gun rights, the Nation's history also has a tradition of disarming individuals, at least temporarily, who possess some permissible

6

disqualifying characteristic—such as dangerousness. *Berry*, 2024 WL 1141720, at *19, ___ F. Supp. 3d at ___. A dangerous individual is one "whose gun possession threatens others." *Id*. (canvassing authority). In Section 922(g)(1), Congress chose to make a prior felony conviction disqualifying for firearm possession. But using felon status as a proxy for dangerousness is both under- and over-inclusive and, under *Bruen*, requires analyzing whether the statute presents a "distinctly similar" restriction as the history of disarming dangerous individuals that justifies the statute's burden on the right of armed self-defense. *Id*.

Additionally, "the historical record generally shows that laws providing for disarmament of particular individuals were delimited in time or afforded them a means for restoration of the right to keep and bear arms." *Berry* at *21. Simply put, "none of the historical regulations…permanently disarm a group of people." *Id*. (quoting *United States v. Williams*, No. 23-cr-20201, 2024 WL 731932, at *20 (E.D. Mich. Feb. 22, 2024)). In *Hostettler*, however, the court determined that 18 U.S.C. § 922(g)(1) was not constitutional as applied to a defendant with six prior felony convictions: carrying a concealed weapon, felon in possession of a firearm, aggravated drug possession, possession with intent to sell drugs, forgery, and receiving stolen property. His misdemeanor convictions included assault and domestic violence. Nonetheless, the court determined that "these offenses cannot serve as a proxy for dangerousness rising to the level of a felony to justify disarmament."

Similar to *Hostettler*, Kovacic argues that his prior convictions cannot serve as a proxy for dangerousness rising to the level of a felony to justify disarmament." Daniel Kovacic does not have any prior convictions for gun violence. Therefore, as applied to Daniel Kovacic, 18 U.S.C. § 922(g)(1) is unconstitutional and the Indictment should be dismissed.

7

The Sixth Circuit's most recent decision in *Williams* left open the possibility for a defendant to succeed on an as-applied challenge so long as he satisfies his burden to prove that he himself is not dangerous "and thus falls outside of § 922(g)(1)'s constitutionally permissible scope[.]" *United States v. Williams.* 113 F.4th 637, 657 (6th Cir. 2024).

On February 1, 2023, the Lake County Court of Common Court released Mr. Kovacic from his community control sanctions and supervision, and restored his civil rights of citizenship previously removed under R.C. 2961.01. (Lake County Order, Def. Ex. A). Kovacic's prior felony convictions were all from the Lake County Court of Common Pleas. As a result, at the time of this offense on August 17, 2023, Mr. Kovacic had been restored to the civil rights of citizenship previously removed under R.C. 2961.01. Daniel Kovacic further asserts that his prior record has been expunged and/or pardoned.[1]

Additionally, the law in question, 18 U.S.C. § 922(g)(1) is facially unconstitutional. The Second Amendment covers all citizens by conferring the right "to keep and bear arms" upon "the people." U.S. Const. amend. II. The plain text does not limit who is included in "the people." The phrase "the people" refers to all members of the community, not an unspecified subset. *United States v. Daniels*, 774.th 337 (5th Cir. 2023), citing *Heller*, 554 U.S. at 580. Thus, the Court in *Heller* concluded that "the Second Amendment right is exercised individually and belongs to all Americans." *Heller*, 554 U.S. at 581.

In *Range v. AG United States*, 69 F.4th 96, 103 (5th Cir. 2023), the Fifth Circuit rejected the Government's contention that only "law-abiding, responsible citizens" are counted among

---

[1] 18 U.S.C. § 921(a)(20) further provides, "Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."

"the people" protected by the Second Amendment. Even a convicted felon remains one of "the people" protected by the Second Amendment. *Id*. at 106. In this case, Daniel Kovacic's right to possess a firearm is protected by the Second Amendment and the Indictment against him should be dismissed.

### III. CONCLUSION.

Wherefore, Daniel Kovacic respectfully requests this Honorable Court to dismiss the Indictment in this case because 18 U.S.C. § 922(g)(1) is an unconstitutional exercise of congressional power under the commerce clause and unconstitutional as applied to Daniel Kovacic. The Indictment in this case is also facially unconstitutional, warranting dismissal.

Respectfully Submitted,

s/ Marisa L. Serrat
**JAIME P. SERRAT LLC**
Marisa L. Serrat, (#00888410)
55 Public Square
2100 Illuminating Building
Cleveland, OH 44113
(216) 696-2150; (216) 696-1718- fax
Mserratlaw@gmail.com
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Marisa L. Serrat_____
**JAIME P. SERRAT LLC**
Marisa L. Serrat, (#00888410)
